# UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 7 |
| BRUNO MARCO CARBONE : | |
| : | CASE NO. 18-13852-jkf |
| DEBTOR : | |
| : | |
| : | |
| LYNN E. FELDMAN, ESQUIRE : | |
| CHAPTER 7 TRUSTEE : | |
| : | ADVERSARY NO. 18-00239-jkf |
| v. : | |
| BRUNO MARCO CARBONE and : | |
| MELISSA CARBONE, H/W : | |
| : | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
### THE TESTIMONY OF ANY WITNESS OR EXPERT TESTIMONY AT TRIAL

Plaintiff, Lynn Feldman, through her undersigned counsel, files the within Motion in Limine, and avers as follows:

1. This Court entered a Pretrial Scheduling Order on January 24, 2019.

2. The Order required that the parties submit initial disclosures under Fed.R.Civ.P. 26(a)(1). Defendants produced no initial disclosures.

3. The Order required the parties to identify any expert witnesses and provide a report by March 25, 2019. Defendant failed to disclose any witness, whether lay or expert, or to provide expert report.

4. The Order further required the parties to submit a Joint Pretrial Statement on or before July 22, 2019. Plaintiff sent Defendants a draft pretrial in compliance with the Order, but received no response.

1

5.  The Defendants did not take any discovery in this matter.

6.  Under Rule 26 "a party must . . . provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses. . . ." Fed. R. Civ. P. 26(a)(i). The rule "obligates a party to supplement the report if it 'learns that in some material respect the information disclosed is incomplete or incorrect.'" *Coal.to Save Our Children v. State Bd. of Educ.*, 90 F.3d 752, 775-76 (3d Cir. 1996) (quoting Fed. R.Civ. P. 26(a)(2)(B) & (e)(1)). "Supplementation must be made 'with special promptness as the trial date approaches.'" *Id*. (quoting Fed. R. Civ. P. 26(e) advisory committee's notes). Finally, with regard to expert witnesses in particular, Rule 26 requires that the party seeking to use an expert provide a written report. Fed. R. Civ. P. 26(a)(2)(B).

7.  Whether a party has failed to disclose a fact witness or failed to produce an expert report, the consequence is the same: When "a party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [that party] shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . any witness or information not so disclosed." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (quoting Fed. R. Civ. P. 37(c)). "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). While exclusion of testimony is often acknowledged as a harsh outcome, see, e.g., *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999), it is "an appropriate sanction for failure to supplement in a timely manner." *Coal. To Save Our Children*, 90 F.3d at 775.

8. One of the key issues in this case is whether Bruno Carbone received "reasonably equivalent value" for the transfer of his residence to his wife, Melissa Carbone. Therefore, valuation of the residence at 90 Cirak Avenue (the "Cirak Property") is in dispute. Neither Bruno Carbone nor his wife are qualified to give an expert opinion to rebut Plaintiff's expert as to valuation.

9. Under Fed. R. Evid. 702, one can testify as an expert and in the form of an opinion if the individual is qualified by reason of knowledge, skill, experience, training, or education. See Fed. R. Evid. 702. If so qualified, the expert is allowed to testify under the Rule, but—importantly—only "if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)–(d). Thus, Fed. R. Evid. 702(a) deals with the utility of the proffered expert testimony, i.e., its ability to help the trier of fact understand the evidence or determine a fact, and Fed. R. Evid. 702(b)–(d) go to the reliability required in order to entertain that testimony.

10. A witness may only testify if he "has personal knowledge of the matter." Fed. R. Evid. 601. Expert witnesses, of course, are the exception to this rule. They may testify using their "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. With expert testimony comes the responsibility of a party to file an expert report, Fed. R. Civ. P. 26(a)(2)(B), and a court's role as gatekeeper when that report is challenged, see, e.g., *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

11. Defendants have provided no justification as to why they have not complied with the Pretrial Order and identified any witnesses, documents, or an expert.

12. The Defendants' failure to comply with the Pretrial Order is without excuse.

WHEREFORE, Plaintiff, Lynn E. Feldman, requests that this Honorable Court grant her Motion in Limine and preclude the Defendants Bruno Carbone and Melissa Carbone from offering any witness testimony at trial.

Respectfully submitted:

*/s/ Robert J. Birch*

Dated: July 22, 2019

_____
ROBERT J. BIRCH, ESQUIRE
Attorney for Plaintiff, Lynn Feldman

## CERTIFICATE OF SERVICE

I, Robert J. Birch, Esquire, hereby certify that on this 22nd day of July, 2019, I served a true and correct copy of Plaintiff's Motion in Limine to the following:

Joseph Quinn, Esquire
Law Office of Stephen Ross, P.C.
152 E. High Street, Suite 100
Pottstown, PA 19464

_____
ROBERT J. BIRCH, ESQUIRE